**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DENNIS BRITTENHAM,

        Plaintiff,

v.                                  Case No. 09-14287

JAMES GRIGGS,

        Defendant.

_____/

### OPINION AND ORDER OF SUMMARY DISMISSAL

Pending before the court is Plaintiff Dennis Brittenham's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is a Michigan prisoner currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan.  The court has granted Plaintiff's application to proceed without prepayment of the filing fee.  *See* 28 U.S.C. § 1915(a).

In his pro se pleadings, Plaintiff names the Quartermaster Boss, James Griggs, at the Gus Harrison Correctional Facility, as the Defendant in this case.  The court understands the complaint to allege that the Quartermaster failed to supply him with a winter coat.  He seeks $1,500 in monetary damages.  Having reviewed the complaint, the court dismisses it for failure to state a claim upon which relief may be granted.  28

---

[1]On January 19, 2010, the court ordered Plaintiff to provide the court with the proper name and address of the Defendant named in his complaint.  In response to the court's order, Plaintiff filed the requested information, and attached four additional complaints.  Those complaints are stricken, as they have not been properly filed with the court and are unsigned.  Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading be signed "by a party personally if the party is unrepresented."  Moreover, Plaintiff cannot file additional complaints by attaching them to a response.

U.S.C. § 1915(e)(2)(B) and 1951A(b). The court also concludes that an appeal cannot be taken in good faith.

To successfully establish a prima facie civil rights case under 42 U.S.C. § 1983, a plaintiff must prove that the defendant acted under color of state law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). When, as here, a prisoner has been granted leave to proceed without prepayment of the filing fee for a lawsuit, his or her civil rights complaint against a governmental entity, officer, or employee may be dismissed in whole or in part if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915(A)).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and footnote omitted).

The court construes Plaintiff's complaint to allege that he was deprived of a coat. "The Constitution 'does not mandate comfortable prisons, but neither does it permit

inhumane ones, and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). The Eighth Amendment requires prison officials to provide humane conditions of confinement, including adequate clothing. *Id.* "[A] prison official violates the Eighth Amendment only when two requirements are met." *Id.* at 834. First, the deprivation alleged must be sufficiently serious, and, second, the prison official must have a sufficiently culpable state of mind, that is, deliberate indifference to the inmate's health or safety. *Id.* (citations omitted).

Although Plaintiff states that he caught "a cold," presumably from the lack of a coat, the facts as alleged do not demonstrate that he suffered a sufficiently serious deprivation. *See, e.g.*, *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009) (finding that prison officials' alleged failure to issue adequate cold-weather clothing did "not rise to the level of the objectively serious harm necessary to show an Eighth Amendment violation" where the inmate "did not show that he was forced to be in the cold for long periods of time or that he suffered anything more than the usual discomforts of winter"). Plaintiff also has not shown that Defendant had a culpable state of mind. The complaint does not indicate that Defendant was deliberately indifferent to Plaintiff's health or safety. Plaintiff's allegations create a mere speculation or suspicion of a legally cognizable claim. The stated facts lack an arguable basis in law and fail to state a claim for which relief may be granted. The court therefore concludes that Plaintiff has failed to establish an Eighth Amendment violation.

For the reasons stated in this opinion and order,

IT IS ORDERED that the complaint is DISMISSED.  Additionally, the court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.[2]  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  February 25, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 25, 2010, by electronic and/or ordinary mail.

       s/Deborah J. Goltz
       DEBORAH J. GOLTZ
       Case Manager

---

[2]  Plaintiff is not new to the judicial process.  In addition to this civil rights complaint, beginning in October 2009, Plaintiff has filed numerous civil rights complaints in this district: (1) *Brittenham v. Dinsa*, No. 09-14025 (Zatkoff, J.) (filed Oct. 9, 2009) (case pending); (2) *Brittenham v. State of Michigan*, No. 09-14056 (Zatkoff, J.) (filed Oct. 14, 2009) (case pending); (3) *Brittenham v. McCarthy*, No. 09-14166 (Edmunds, J.) (filed Oct. 22, 2009) (case transferred to Western District, Jan. 14, 2010); (4) *Brittenham v. MacIntosh*, No. 09-14285 (O'Meara, J.) (filed Oct. 30, 2009) (dismissed for failure to state a claim, Jan. 13, 2010); (5) *Brittenham v. Bell*, No. 09-14426 (Friedman, J.) (filed Nov. 12, 2009) (case pending); (6) *Brittenham v. White*, No. 09-14913 (Hood, J.) (filed Dec. 18, 2009) (case pending); (7) *Brittenham v. Dinsa*, No. 09-14914 (Lawson, J.) (filed Dec. 18, 2009) (case pending); (8) *Brittenham v. Dinsa et.al.*, No. 10-10257 (Duggan, J.) (filed Jan. 20, 2010) (case pending); (9) *Brittenham v. McRoberts*, No. 10-10477 (Cohn, J.) (filed Feb. 3, 2010) (case pending); (10) *Brittenham v. Mail Room Boss*, No. 10-10478 (Battani, J.) (filed Feb. 3, 2010) (case pending); (11) *Brittenham v. Prison Store Manager*, No. 10-10479 (Zatkoff, J.) (filed Feb. 3, 2010) (case pending); (12) *Brittenham v. Ticket Hearing Officer*, No. 10-10480 (Battani, J.) (filed Feb. 3, 2010) (case pending); (13) *Brittenham v. Kitchen Workers*, No. 10-10481 (Duggan, J.) (filed Feb 3, 2010) (case pending); (14) *Brittenham v. Dinsa*, No. 10-10482 (Hood, J.) (filed Feb. 3, 2010) (case pending); and (15) *Brittenham v. Dep't of Corrs.*, No. 10-10483 (Murphy, J.) (filed Feb. 3, 2010) (case pending).